Edward Peterson v. Commissioner.
Peterson v. Commissioner
Docket No. 110005.
United States Tax Court
1945 Tax Ct. Memo LEXIS 234; 4 T.C.M. (CCH) 422; T.C.M. (RIA) 45130; April 16, 1945
Ralph E. Svoboda, Esq., 1501 City Nat. Bank Bldg., Omaha, Neb., for the petitioner. Gene W. Reardon, Esq., for the respondent. MELLOTT
Memorandum Findings of Fact and Opinion MELLOTT, Judge: The Commissioner determined deficiencies in petitioner's income taxes for the years 1938 and 1939 in the respective amounts of $1,744.31 and $1,235.77. The only question raised by the pleadings is whether he erred in disallowing the claimed deduction of attorney fees in the amount of $3,000 in 1938 and $1,500 in 1939. Findings of Fact The petitioner *235 is an individual residing at Omaha, Nebraska. Income tax returns for the taxable years were filed with the collector of internal revenue at Omaha, Nebraska. Petitioner was a member of the partnership of Peterson, Shirley and Gunther of Omaha, Nebraska (hereinafter sometimes referred to as the partnership) and had a 50 percent interest therein. The partnership was engaged in the construction business and contracted for the building of large projects such as highways, dams and grading for railroads. In 1931 the partnership, in association with the Callahan Construction Company of St. Louis, Missouri, commenced the construction of the Madden Dam in the Panama Canal Zone under a contract with the United States. The profits and losses from the joint venture were to be distributed 50 percent to the partnership and 50 percent to Callahan Construction Company. The dam was completed February 2, 1935. The partnership's share of the profits from the construction of Madden Dam was approximately $218,000 of which petitioner's share was one-half. A question arose between petitioner and the Commission of Internal Revenue as to whether petitioner's distributive share of the profits from the *236 Madden Dam project during the years 1931, 1932 and 1933 was deductible in computing his net income subject to tax. H. M. Frost, a practicing lawyer and accountant, residing in Omaha, Nebraska, represented petitioner with respect to the tax controversy and filed a protest with the internal revenue agent in charge at Omaha, Nebraska, on June 8, 1936, in which he contended that the income from the partnership's operation in the Panama Canal Zone was not taxable. The case was thereafter referred to the Commissioner of Internal Revenue, Washington, D.C.
On or about October 1, 1938, the Deputy Commissioner of Internal Revenue sent the following letter to petitioner: "Further reference is made to your income tax liability for the taxable years ended December 31, 1932, and 1933. "Careful consideration has been given to the taxability of income received by you through the partnership of Peterson, Shirley and Gunther on account of the partnership having been engaged in the carrying on of the construction of Madden Dam in the Panama Canal Zone with the result that it has now been decided that the partnership was entitled to the same manner and the same basis of computing its net income *237 as an individual, and is entitled to the benefits of section 251 on satisfying the conditions of that section. Therefore, no part of the gross income of the joint venture represents gross income subject to the Federal income tax liability under the Revenue Act of 1932. It is, therefore, proposed to accept your returns, filed for the taxable years 1932 and 1933, without change. "You will be advised in a separate communication relative to your claim for refund, filed for the taxable year ended December 31, 1931. "A copy of this letter has been mailed to your representative Mr. H. M. Frost, 756 South Broadway, Los Angeles, California, in accordance with the authority contained in the power of attorney executed by you and not on file with the Bureau. Respectfully, John R. Kirk, Deputy Commissioner By H. A. Horstman, Acting Head of Division." After receiving a copy of the Commissioner's ruling petitioner's attorney rendered a bill to petitioner for $4,500, representing his share of the legal fees for services rendered in connection with his successful efforts in having the profits from the Madden Dam project excluded from income. Petitioner made settlement with his attorney by payment *238 of $3,000 in 1938, and $1,500 in 1939. In his individual income tax returns for 1938 and 1939 petitioner claimed a deduction of $3,000 and $1,500 for the respective years representing attorney fees incurred and paid as set out above. The respondent disallowed the claimed deductions. The partnership began liquidation in 1933 and was finally dissolved in 1941. Petitioner continued in the contracting business through the Edward Peterson Company, a Nebraska corporation, organized in 1931, of which he was the majority stockholder. As the partnership was liquidated petitioner's interest in the Edward Peterson Company was correspondingly increased. He had no other business except the ownership of a self-sustaining farm in Iowa. Opinion Petitioner contends that the expenditures for attorney fees, incurred in contesting the proposed assessment of his income from the partnership, are deductible either as ordinary and necessary business expenses under section 23 (a) (1) (A), Revenue Act of 1938, or as non-business expenses paid or incurred for the "management, conservation, or maintenance of property held for the production of income" under section 23 (a) (2), as amended retroactively *239 by section 121, Revenue Act of 1942. Respondent contends that the attorney fees are personal expenses not deductible in any event within the meaning of section 23 (a) (5) as amended by section 121 of the Revenue Act of 1942. The applicable statutes are set out in the margin. [1]
*240 Petitioner, on brief, calls our attention to a number of cases in which professional fees have been held to be ordinary and necessary expenses paid or incurred in carrying on a trade or business and consequently deductible from gross income in determining net taxable income. In its first analysis the question must be determined by an examination of the facts in each case, . Review of decided cases is of little aid since each turns on its particular facts; but the principal involved is clear. . The fact that attorney fees paid by a taxpayer to recover an overpayment of taxes, or to prevent assessment and collection of taxes for prior years, are ordinary and necessary is not enough. In order to justify a deduction of such fees in determining taxable income it must affirmatively appear not only that a taxpayer is engaged in business but that the fees were paid or incurred in carrying on such business, , or "as otherwise stated ( proximately resulted from, his business, * * *." . *241 Under the present facts petitioner was engaged in the contracting business, which was conducted by a partnership, and the overpayment sought to be recovered and the threatened deficiency in income taxes related to his share of the partnership net income. It is therefore obvious that the attorney fee was not incurred in carrying on the partnership business. The petitioner's share of partnership net income had already been determined and could not in any manner be affected by the result of the Commissioner's action. Nothing was added to partnership income by the Commissioner's decision that it was non-taxable and the refund was not income to the petitioner. The facts differ materially from the Kornhauser case. There the suit was by a partner for an accounting and was proximately related to the partnership income. Upon its result depended the amount of the taxpayer's income from business, and, as the Court pointed out, it made no difference whether the expenditure for attorney's fees was made to secure payment of the earnings of the business or to retain such earnings after their receipt. In our judgment the deduction was properly disallowed as not being within section 23 (a) (1) *242 (A), of the Revenue Act of 1938. ; ; (on appeal 5 C.C.A.). It is not allowable under section 23 (a) (2) as amended by section 121 of the Revenue Act of 1942 as a non-trade or non-business expense. Petitioner argues that inasmuch as he was engaged in the contracting business the profits which he had received from the partnership must be regarded as property held for the production of income and the attorney's fee as an expenditure incurred in the management, conservation or maintenance of such property. In support of this argument he urges that an assessment of the claimed deficiency would result in a lien against partnership assets. A similar argument was made by the taxpayer in . In that case we said: * * * To logically follow the reasoning of petitioners, we would be forced to conclude that the expenses of defending any type of litigation would be deductible by the owner of property because of the possibility that a judgment lien might attach to it. We do not think that section 121 goes, *243 or was intended to go, so far. In , the Court, in holding that professional fees paid or incurred in a contest over the correct amount of the petitioner's income taxes for previous years was not deductible under section 23 (a) (2), said: * * * To extend this language to make it possible for taxpayers to deduct not only expenses which resulted, or were intended to result, in the acquisition of taxable income but also the expense of litigation over the amount of their income taxes would be too great a stretch in the absence of anything to indicate that Congress intended so to encourage such litigation. Having decided that the expenditures for attorney's fees were not deductible within section 23 of the Revenue Act of 1938 it is unnecessary to discuss the applicability of section 24 (a) (5) as amended by section 121 of the Revenue Act of 1942. [1] However, since the claimed expenditure is allocable to taxfree income it seems to come within that section. Cf. ; ; . *244 Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - * * * (1) Trade or Business Expenses. - * * * (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. * * * * *
(2) Non-Trade or Non-Business Expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. * * * * *
(As amended by section 121, Revenue Act of 1942.)↩
1. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - (1) Personal, living or family expenses; * * * * *
(5) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this chapter, or any amount otherwise allowable under section 23 (a) (2) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this chapter. (As amended by section 121, Revenue Act of 1942.)↩